# Kennedy Lillis Schmidt & English
## 75 Maiden Lane
## New York, N.Y. 10038-4816
## Telephone: 212-430-0800

JOHN T. LILLIS, JR. (NY & NJ)
CHARLES E. SCHMIDT

HTTP://WWW.KLSELAW.COM

COUNSEL

CRAIG S. ENGLISH (NY & NJ)
DONALD M. KENNEDY
LENORE E. McQUILLING
THOMAS C. MURPHY
NATHAN T. WILLIAMS

May 1, 2013

FACSIMILE: 212-430-0810
CONTACT WRITER DIRECT:

JLILLIS@KLSELAW.COM
212-430-0801

Hon. Michael A. Hammer
United State Magistrate Judge
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *Chubb Ins. Group a/s/o Laser Master International and Laser Master International v. All-Ways Forwarding Int'l, LLC,* <u>in personam</u>, *the M/V JIN HE, her engines, tackle, etc.* <u>in rem</u>

Docket No.: 12 Civ. 07316
Our File:   5701

Dear Judge Hammer:

      Please accept this letter and the proposed schedule for the captioned matter.

    *1.*   *Brief description of the case including the factual and legal bases for the claim(s) and defense(s)*

      Plaintiff, Chubb Insurance Group ("Chubb"), is the subrogated underwriter of Laser Master International ("LMI"). LMI hired Defendant All-Ways Forwarding International, LLC ("All-Ways Forwarding") to carry paper shopping bags ("Cargo") from Qingdao, China to Long Beach, California, USA. All-Ways Forwarding issued Bill of Lading No. TA0298397 to cover the said shipment and arranged to carry the Cargo aboard the Defendant Vessel, M/V JIN HE (the "Vessel").

# Kennedy Lillis Schmidt & English

Hon. Michael A. Hammer
United State Magistrate Judge

May 1, 2013
Page 2

---

Upon the Cargo's discharge from the Vessel, the Cargo was transferred to the receiving warehouse, JMKC Express in Carson, CA. There, the Cargo was discovered to have been water damaged while in the Carrier's custody. Defendants deny the Cargo was damaged aboard the Vessel.

The parties recognize that this dispute is governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et seq. Plaintiffs contend that they will be able to establish a *prima facie* case of carrier liability under COGSA by showing that the Cargo was received by All-Ways Forwarding in good order and condition and was discharged by All-Ways Forwarding in a damaged condition. Plaintiffs further contend that no COGSA defense or provision of the All-Ways Forwarding Bill of Lading exonerates All-Ways Forwarding from liability. Thus, Plaintiffs maintain that All-Ways Forwarding is obligated to pay Plaintiffs $38,531.23 in damages.

Defendant All-Ways Forwarding contends that one or more defenses contained in COGSA and/or the applicable Bill of Lading exonerates it from liability. Defendant All-Way Forwarding also retains the right to enforce its forum selection clause defense as per the Bill of Lading and/or Tariff and/or its *forum non conveniens* defense. At all relevant times, Defendant All-Way Forwarding acted as a non-vessel operating common carrier (i.e. NVOCC). Defendant All-Ways Forwarding maintains that, to the extent there is any liability for the alleged loss or damage, which is denied, such liability rests with the ocean carrier.

2. *Contemplated Motions*

The parties anticipate cross moving for summary judgment at the close of discovery. Defendant All-Ways Forwarding anticipates filing a motion to enforce its forum selection clause and/or *forum non conveniens* defenses.

3. *Prospect for Settlement*

The parties have discussed in settlement. However, they are awaiting feedback from the underlying carrier to see if it will be willing to contribute to settlement.

5. *Proposed Scheduling*

Please see attached Joint Proposed Discovery Plan.

400824.1

Kennedy Lillis Schmidt & English

Hon. Michael A. Hammer
United State Magistrate Judge

May 1, 2013
Page 3

---

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Plaintiff

By: *[signature]*
John T. Lillis, Esq.
75 Maiden Lane, Suite 402
New York, NY 10038
(212) 430-0800

FREEHILL HOGAN & MAHER
Attorneys for Defendants

By: *[signature]* (SL)
William J. Pallas, Esq.
80 Pine Street
New York NY 10005
212-425-1900

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHUBB INS. GROUP, et al. | Civil Action No. 07316 |
| Plaintiff(s) | Hon. Michael A. Hammer |
| v. | JOINT PROPOSED DISCOVERY PLAN[1] |
| ALL-WAYS FORWARDING INT'L, LLC | |
| Defendant(s) | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

3. Have settlement discussions taken place? Yes _____ No __X__

   (a) What was plaintiff's last demand?

       (1) Monetary demand: $ 38,531.23
       (2) Non-monetary demand: N/A

   (b) What was defendant's last offer?

       (1) Monetary offer: $ 0
       (2) Non-monetary offer: N/A

4. The parties [have _____ have not __X__ ] met pursuant to Fed. R. Civ. P. 26(f):

---

[1] A copy of this form can be located at:
http://pacer.njd.uscourts.gov/Forms/R16DiscoveryPlanCamONLY.pdf

1

5. The parties [have __X__ have not _____ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1) N/A.

7. The parties [have _____ have not __X__ ] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

    (b) Discovery [should _____ should not __X__ ] be conducted in phases or be limited to particular issues. Explain.

    (c) Proposed schedule:

       (1) Fed. R. Civ. P. 26 Disclosures 13 May 2013.

       (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) 27 May 2013.

       (3) Service of initial written discovery 10 June 2013.

       (4) Maximum of 25 Interrogatories by each party to each other party.

       (5) Maximum of 10 depositions to be taken by each party.

       (6) Motions to amend or to add parties to be filed by 31 May 2013.

       (7) Factual discovery to be completed by 30 Sept 201.

       (8) Plaintiff's expert report due on N/A.

       (9) Defendant's expert report due on N/A.

       (10) Expert depositions to be completed by N/A.

       (11) Dispositive motions to be served within 30 days of completion of discovery.

    (d) Set forth any special discovery mechanism or procedure requested.
    N/A.

2

  (e) A pretrial conference may take place on _____.

  (f) Trial date: _____ (_____ Jury Trial; _X_ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____ No _X_ . If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No _X_ .

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S. No.

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No _X_ .

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

14. Is this case appropriate for bifurcation? Yes _____ No _X_ .

15. An interim status/settlement conference (with clients in attendance), should be held in _____.

16. We [do _____ do not _X_ ] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

_____ / 1 MAY 2013
Attorney(s) for Plaintiff(s) / Date

_____ (s.) May 1, 2013
Attorney(s) for Defendant(s) / Date

3